UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERTO HERRERA,<br><br>　　　　　Petitioner,<br><br>　　v.<br><br>CONNIE GIPSON,<br><br>　　　　　Respondents. | No. 2:12-cv-2982 TLN DAD P<br><br><br><br>ORDER |

　　　　Petitioner, a state prisoner proceeding pro se, has filed an application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254.  In his petition, petitioner challenges an administrative prison disciplinary conviction he suffered for possession of a weapon and battery on staff at High Desert State Prison.

　　　　On October 30, 2013, counsel for respondent filed a motion to dismiss the pending habeas petition on the grounds that petitioner had failed to exhaust his claims by first presenting them to the highest state court.  In that motion to dismiss, counsel for respondent acknowledged that petitioner had at that time an exhaustion petition pending at the California Supreme Court. Shortly after the parties completed briefing on respondent's motion to dismiss, petitioner notified this court that the California Supreme Court had denied his exhaustion petition.  Petitioner also filed with this court a copy of the California Supreme Court's decision denying his exhaustion petition.  Under these circumstances, the court will deny respondent's motion to dismiss as

1

having been rendered moot and direct respondent to file a new responsive pleading.

Also pending before the court is petitioner's motion for a court order directing respondent to file a new response to his petition in light of the California Supreme Court's denial of his exhaustion petition as well as petitioner's motion for appointment of counsel. As noted above, the court will by this order direct respondent to file a new responsive pleading in this action. As to petitioner's motion for appointment of counsel, there currently exists no absolute right to appointment of counsel in habeas proceedings. See Nevius v. Sumner, 105 F.3d 453, 460 (9th Cir. 1996). However, 18 U.S.C. § 3006A authorizes the appointment of counsel at any stage of the case "if the interests of justice so require." See Rule 8(c), Fed. R. Governing § 2254 Cases. In the present case, the court does not find that the interests of justice would be served by the appointment of counsel at the present time.

Accordingly, IT IS HEREBY ORDERED that:

1. Respondent's motion to dismiss (Doc. No. 15) is denied as moot;

2. Within sixty days of the date of this order, respondent shall file a new responsive pleading to petitioner's application for a writ of habeas corpus. An answer shall be accompanied by all transcripts and other documents relevant to the issues presented in the petition. See Rule 5, 28 U.S.C. foll. § 2254;

3. If the response to the habeas petition is an answer, petitioner's reply, if any, shall be filed and served within thirty days after service of the answer;

4. If the response to the habeas petition is a motion, petitioner's opposition or statement of non-opposition to the motion shall be filed and served within thirty days after service of the motion, and respondent's reply, if any, shall be filed and served within fourteen days thereafter;

5. Petitioner's motion for a court order (Doc. No. 19) is granted; and

6. Petitioner's motion for appointment of counsel (Doc. No. 19) is denied.

Dated: April 21, 2014

_____
DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

DAD:9

herr2982.exh

3