1

2

3

4

5

6

7

8                          UNITED STATES DISTRICT COURT

9                     FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11   ROBERTO HERRERA,                          No.  2:12-cv-2982 TLN DAD P

12              Petitioner,

13        v.                                    ORDER

14   CONNIE GIPSON,

15              Respondents.

16

17        Petitioner, a state prisoner proceeding pro se, has filed an application for a writ of habeas

18   corpus pursuant to 28 U.S.C. §  2254.  Pending before the court is petitioner's motion for entry of

19   default.

20        By way of background, on April 22, 2014, the court ordered respondent to file a

21   responsive pleading to petitioner's application for writ of habeas corpus.  In accordance with the

22   court's order, counsel for respondent timely filed a motion to dismiss.  Petitioner's motion for

23   entry of default based on respondent's failure to timely file a responsive pleading is therefore

24   without merit.  Moreover, petitioner is advised that failure of respondent to timely file a response

25   to the claims in a habeas petition does not entitle petitioner to default judgment.  See Gordon v.

26   Duran, 895 F.2d 610, 612 (9th Cir. 1990).

27        In his motion, petitioner also requests appointment of counsel on his behalf and an

28   evidentiary hearing.  As to his motion for appointment of counsel, there currently exists no

                                              1

1  absolute right to appointment of counsel in habeas proceedings.  See Nevius v. Sumner, 105 F.3d

2  453, 460 (9th Cir. 1996).  However, 18 U.S.C. § 3006A authorizes the appointment of counsel at

3  any stage of the case "if the interests of justice so require."  See Rule 8(c), Fed. R. Governing §

4  2254 Cases.  In this case, the court does not find that the interests of justice would be served by

5  the appointment of counsel at the present time.  As to petitioner's motion for an evidentiary

6  hearing, petitioner has not explained why an evidentiary hearing is warranted in this case.  See

7  Rule 8(a), Fed. R. Governing § 2254 Cases.  At this time, the court finds that ordering an

8  evidentiary hearing would be premature.

9          Accordingly, IT IS HEREBY ORDERED that:

10         1. Petitioner's motion for entry of default (Doc. No. 23) is denied;

11         2. Petitioner's motion for appointment of counsel (Doc. No. 23) is denied; and

12         3. Petitioner's motion for an evidentiary hearing (Doc. No. 23) is denied.

13  Dated:  July 10, 2014

14

15                                          _Dale A. Drozd_____

16                                          DALE A. DROZD
                                            UNITED STATES MAGISTRATE JUDGE

17  DAD:9
    herr2982.def

18

19

20

21

22

23

24

25

26

27

28

                                              2