UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERTO HERRERA, | No. 2:12-cv-2982 TLN DAD P |
| Petitioner, | |
| v. | FINDINGS AND RECOMMENDATIONS |
| CONNIE GIPSON, Warden, | |
| Respondent. | |

Petitioner, a state prisoner proceeding pro se, has filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. On April 11, 2014, counsel for respondent filed the pending motion to dismiss, arguing that the claims in petitioner's habeas petition are unexhausted and procedurally defaulted. Petitioner has filed an opposition to the motion.

**BACKGROUND**

Petitioner commenced this action by filing a petition for writ of habeas corpus challenging a 2009 Rules Violation Report ("RVR") for possession of a weapon/sharp instrument and battery on staff. In his pending petition, petitioner claims that prison officials violated his due process rights in connection with the RVR, which subsequently led to him being charged with and convicted of related criminal charges in the Lassen County Superior Court.[1] (Pet. at 2, 5 &

---

[1] Petitioner is challenging his Lassen County Superior Court conviction with the assistance of counsel in a separate proceeding. See Herrera v. Gipson, No. 2:12-cv-0508 KJM DAD P.

1

Attachs.)

**ANALYSIS**

In the pending motion to dismiss, counsel for respondent argues that petitioner's claims are unexhausted. Specifically, counsel contends that the California Supreme Court denied petitioner's exhaustion petition while citing the decisions in <u>People v. Duvall</u>, 9 Cal. 4th 464, 474 (1995) and <u>In re Dexter</u>, 25 Cal. 3d 921, 925 (1979). Counsel for respondent contends that citations to these decisions signify that petitioner was found to have failed to exhaust his administrative remedies prior to seeking judicial relief and that the California Supreme Court therefore did not reach the merits of his habeas claims and they are thus unexhausted. Alternatively, counsel contends that the California Supreme Court's citation to the decisions in <u>In re Dexter</u> signifies that petitioner procedurally defaulted on his claims based on his failure to exhaust administrative remedies as required under state law. (Resp't's Mot. to Dismiss at 3-5 & Ex. 2.)

For the reasons discussed below, the undersigned agrees with counsel for respondent and will recommend that the pending motion to dismiss the petition be granted.

I. <u>Exhaustion of State Court Remedies</u>

State courts must be given the first opportunity to consider and address a state prisoner's habeas corpus claims. See <u>Rhines v. Weber</u>, 544 U.S. 269, 273-74 (2005) (citing <u>Rose v. Lundy</u>, 455 U.S. 509, 518-19 (1982)); <u>King v. Ryan</u>, 564 F.3d 1133 (9th Cir. 2009) ("Habeas petitioners have long been required to adjudicate their claims in state court - that is, 'exhaust' them - before seeking relief in federal court."); <u>Farmer v. Baldwin</u>, 497 F.3d 1050, 1053 (9th Cir. 2007) ("This so-called 'exhaustion requirement' is intended to afford 'the state courts a meaningful opportunity to consider allegations of legal error' before a federal habeas court may review a prisoner's claims.") (quoting <u>Vasquez v. Hillery</u>, 474 U.S. 254, 257 (1986)). Generally speaking, a federal court will not grant a state prisoner's application for a writ of habeas corpus unless "the applicant has exhausted the remedies available in the courts of the State." 28 U.S.C. § 2254(b)(1). The exhaustion requirement will not be deemed to have been waived unless the state, through counsel, expressly waives the requirement. 28 U.S.C. § 2254(b)(3).

1    A petitioner satisfies the exhaustion requirement by fairly presenting to the highest state
2 court all federal claims before presenting those claims for relief to the federal court. See Baldwin
3 v. Reese, 541 U.S. 27, 29 (2004); Duncan v. Henry, 513 U.S. 364, 365 (1995); Picard v. Connor,
4 404 U.S. 270, 276 (1971); Wooten v. Kirkland, 540 F.3d 1019, 1025 (9th Cir. 2008). A federal
5 claim is fairly presented if the petitioner has described the operative facts and the federal legal
6 theory upon which his claim is based. See Wooten, 540 F.3d at 1025 ("Fair presentation requires
7 that a state's highest court has 'a fair opportunity to consider . . . and to correct [the] asserted
8 constitutional defect.'"); Lounsbury v. Thompson, 374 F.3d 785, 787 (9th Cir. 2004) (same)
9 (quoting Picard, 404 U.S. at 276)); Kelly v. Small, 315 F.3d 1063, 1066 (9th Cir. 2003),
10 overruled on other grounds by Robbins v. Carey, 481 F.3d 1143, 1146 (9th Cir. 2007); Weaver v.
11 Thompson, 197 F.3d 359, 364 (9th Cir. 1999); see also Bland v. California Dep't of Corrs., 20
12 F.3d 1469, 1473 (9th Cir. 1994).

13   In this case, the California Supreme Court denied petitioner's exhaustion petition with a
14 citation to the In re Dexter, 25 Cal. 3d 921, 925 (1979) decision. In In re Dexter, the California
15 Supreme Court held that the court will not afford a prisoner judicial relief unless he has first
16 exhausted available administrative remedies. 25 Cal. 3d at 925. The California Supreme Court's
17 citation to In re Dexter here signifies that the court did not reach the merits of petitioner's claims
18 because he had failed to exhaust his available administrative remedies. See Harris v. Superior
19 Court, 500 F.2d 1124, 1128 (9th Cir. 1974) (en banc) ("If the denial of the habeas corpus petition
20 includes a citation of an authority which indicates that the petition was procedurally deficient or if
21 the California Supreme Court so states explicitly, then the available state remedies have not been
22 exhausted as the California Supreme Court has not been given the required fair opportunity to
23 correct the constitutional violation.").

24   District courts in California have consistently held that if the California Supreme Court
25 denies an exhaustion petition with a citation to In re Dexter, the prisoner has not exhausted state
26 court remedies as required. See, e.g., Turner v. Director of CDC, No. 1:14-cv-00392 LJO JLT,
27 2014 WL 4458885 at *3 n.2 (E.D. Cal. Sept. 10, 2014) ("[F]or exhaustion purposes, the citation
28 to Dexter alone is sufficient, without the need to review the state petition, to establish that the

claims in the first amended petition were never considered on their merits by the state court and, thus were not 'fairly presented' within the meaning of AEDPA."); Dean v. Diaz, No. 1:14-cv-00209 SKO HC, 2014 WL 1275706 at *5 (E.D. Cal. Mar. 27, 2014) ("This court has regularly relied on a citation to Dexter to find that a federal petition is unexhausted."); Riley v. Grounds, No. C-13-2524 TEH (PR), 2014 WL 988986 at *4 (N.D. Cal. Mar. 10, 2014) (granting motion to dismiss petition as unexhausted in light of California Supreme Court's summary denial with a citation to In re Dexter); Yeh v. Hamilton, No. 1:13-cv-00335, 2013 WL 3773869 at *2 (E.D. Cal. July 17, 2013) ("In citing Robbins and Dexter, the California Supreme Court found the petition to be procedurally deficient; therefore the Court did not reach the merits of the petition but determined habeas relief was procedurally foreclosed. Therefore the petition is unexhausted."); Foster v. Cate, No. 1:12-cv-01539 AWI BAM HC, 2013 WL 1499481 at *2 (E.D. Cal. Apr. 11, 2013) (California Supreme Court's citation to In re Dexter indicates that petitioner presented his claim in a procedurally deficient manner and therefore petitioner has failed to exhaust state court remedies); Franklin v. Gipson, No. CV 12-7411 R (PLA), 2013 WL 1339545 at *3 (C.D. Cal. Feb. 19, 2013) ("the California Supreme Court's dismissal based on Dexter renders Ground One unexhausted."); Davis v. Swarthout, No. CIV-S-10-3224 KJM CKD P, 2012 WL 244211 (E.D. Cal. Jan. 25, 2012) ("This case presents no exception to the prevailing interpretation of the California Supreme Court's Dexter dismissal); McCann v. Hill, No. CIV S-11-1463 LKK DAD P, 2011 WL 6750056 at *2 (E.D. Cal. Dec. 22, 2011) ("The California Supreme Court's citation to In re Dexter here signifies that the court did not reach the merits of petitioner's claims because he failed to exhaust his available administrative remedies."); Johnson v. Harrington, No. 1:11-cv-00207-AWI-DLB (HC), 2011 WL 1807219 at *2 (E.D. Cal. May 11, 2011) ("Petitioner failed to exhaust his claims because the California Supreme Court did not reach the merits of the claims, but instead [cited In re Dexter and] denied the habeas petition for failure to exhaust administrative remedies."); Gaston v. Harrington, No. 1:09-CV-01025 OWW GAS HC, 2009 WL 3627931 at *2 (E.D. Cal. Oct. 29, 2009) (federal habeas petition is unexhausted because the California Supreme Court, citing In re Dexter, declined to review the petition on the merits because petitioner had not exhausted his administrative remedies).

In light of the California Supreme Court's citation to In re Dexter in its summary denial of petitioner's exhaustion petition, the undersigned finds that petitioner has not fairly presented his claims to the state's highest court and has not satisfied the exhaustion requirement. Accordingly, respondent's motion to dismiss the pending petition due to petitioner's failure to properly exhaust his habeas claims in state court should be granted.

II. Procedural Default

The court now turns to respondent's contention that petitioner's claims are also procedurally barred. The United States Supreme Court has reaffirmed that a federal court will not review a habeas claim rejected by a state court if that court's decision rests on a state law ground that is both independent of the federal question and adequate to support the judgment. See Walker v. Martin, ___ U.S. ___, ___, 131 S. Ct. 1120, 1127 (2011) (quoting Beard v. Kindler, 558 U.S. ___, ___, 130 S. Ct. 612, 615 (2009)). See also Coleman v. Thompson, 501 U.S. 722, 729 (1991). "The state-law ground may be a substantive rule dispositive of the case, or a procedural barrier to the adjudication of the claim on the merits. Walker, 131 S. Ct. at 1127.

California's administrative exhaustion rule is based solely on state law and is therefore independent of federal law. See Carter v. Giurbino, 385 F.3d 1194, 1197-98 (9th Cir. 2004) ("A state ground is independent only if it is not interwoven with federal law."); see also Cal. Code Regs. tit. 15, § 3084.1(a) (prisoners may appeal "any policy, decision, action, condition, or omission by the department or its staff that the inmate or parolee can demonstrate as having a material adverse effect upon his or her health, safety, or welfare."). California's administrative exhaustion rule has also been firmly established and has been regularly followed since 1941 and is therefore adequate to support a judgment. See ."); Abelleira v. District Court of Appeal, 17 Cal. 2d 280, 292 (1941) ("the rule is that where an administrative remedy is provided by statute, relief must be sought from the administrative body and this remedy exhausted before the courts will act."); In re Muszalski, 52 Cal. App. 3d 500, 503 (1975) ("It is well settled as a general proposition that a litigant will not be afforded relief in the courts unless and until he has exhausted available administrative remedies. "); see also Drake v. Adams, No. 2:07-cv-00577 JKS, 2009 WL 2474826 at *2 (E.D. Cal. Aug. 11, 2009) ("In reviewing California cases in which

the issue of exhaustion was decided during the past 10 years, the Court was unable to find a single case in which a California appellate court did not deny a petition for failure to exhaust administrative remedies. Thus, this doctrine appears to be well established and consistently applied.").

District courts in California have likewise consistently held that if the California Supreme Court denies an exhaustion petition with a citation to In re Dexter federal habeas review is procedurally barred because California's administrative exhaustion rule is both independent of federal law and adequate to support the state court judgment. See, e.g., Turner, 2013 WL 4458885 at *6 (petitioner's remaining claims procedurally barred pursuant to California Supreme Court's citation to In re Dexter); Riley, 2014 WL 988986 at *4 (granting motion to dismiss petition as procedurally barred in light of California Supreme Court summary denial with a citation to In re Dexter); Yeh, 2013 WL 3773869 at *2-*3 (petitioner's claims procedurally barred after California Supreme Court denied state petition with citation to In re Dexter); Foster, 2013 WL 1499481 at *3-*4 (California Supreme Court's citation to In re Dexter is both independent and adequate and therefore respondent is correct that federal habeas review is procedurally barred); Chatman v. McDonald, No. 2:08-cv-2054 KJM EFB P, 2012 WL 6020030 at *2 (E.D. Cal. Dec. 3, 2012) ("Because [exhaustion of administrative remedies] is an adequate an independent state law ground for denying him relief, this court may not reach the merits of petitioner's claims…."); Garner v. Yates, No. 1:11-cv-02051 LJO GSA HC, 2012 WL 1192847 at *4-*5 (E.D. Cal. Apr. 10, 2012) (federal habeas review is barred because California Supreme Court denied his petition with citation to In re Dexter, which is an independent and adequate state procedural ground); McCann, 2011 WL 6750056 at *2 (claims procedurally barred because In re Dexter administrative exhaustion rule is both independent and adequate); Gaston v. Hedgepeth, No. C 10-4068, 2011 WL 5445651 at *2 (N.D. Cal. Nov. 9, 2011) ("The California Supreme Court's citation to Dexter is thus independent and adequate to bar Petitioner's claim from federal habeas review."); Edwards v. Small, Civil No. 10CV918-JM(JMA), 2011 WL 976606 at *8-9 (S.D. Cal. Feb. 18, 2011) (finding all claims presented in the petition procedurally barred because failure to exhaust administrative remedies is an independent and adequate state procedural rule);

Hoover v. Swarthout, No. 2:10-cv-1447 WBS KJN, 2011 WL 1363813 at *7 (E.D. Cal. Apr. 11, 2011) ("The order by the California Supreme Court [citing In re Dexter] indicated that its decision rested on a state procedural bar."); Wilson v. Evans, No. 2:07-cv-01808-ATG (HC), 2009 WL 2407692 at *3 (E.D. Cal. Aug. 4, 2009) (by presenting his state habeas petition to the California Supreme Court before he exhausted his available prison administrative remedies, he "essentially foreclosed any consideration of the merits of the petition"); Patterson v. Mendoza-Powers, No. 1:07-cv-00686-OWW-TAG HC, 2009 WL 277502 at *2 (E.D. Cal. Feb. 5, 2009) (rule in In re Dexter is an independent and adequate state ground that bars the court from reaching the merits of petitioner's federal habeas claims).

Here, in light of the California Supreme Court's citation to In re Dexter in its summary denial of petitioner's exhaustion petition, the undersigned finds that petitioner's claims are also procedurally barred. See Carter, 385 F.3d at 1197 (one-sentence summary denial of petition incorporating unelaborated case citation sufficient for procedural default); Bennett v. Mueller, 322 F.3d 573, 580 (9th Cir. 2003) (procedural bar still applies even if the state court based its denial on alternative grounds as long as at least one of them was an adequate and independent procedural ground). Petitioner has not alleged any facts to cast doubt on the adequacy or consistent application of California's administrative exhaustion rule. See Bennett, 322 F.3d at 586. Nor has petitioner asserted that the California Supreme Court's administrative exhaustion rule "discriminates against claims of federal rights." See Walker, 131 S. Ct. at 1130. Finally, although petitioner can overcome a procedural default by demonstrating cause for the default and actual prejudice, he has advanced no such arguments here. See Bennett, 322 F.3d at 580. Finally, petitioner has not demonstrated that this court's failure to consider his claims for federal habeas relief will result in a fundamental miscarriage of justice. See id. Accordingly, respondent's motion to dismiss on the grounds that petitioner's claims for relief are procedurally barred should be granted.

/////

/////

/////

**CONCLUSION**

Accordingly, IT IS HEREBY RECOMMENDED that:

1. Respondent's motion to dismiss for failure to exhaust state court remedies or alternatively, because petitioner's claims are procedurally barred (Doc. No. 22) be granted; and

2. This action be closed.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any response to the objections shall be filed and served within seven days after service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

In any objections he elects to file, petitioner may address whether a certificate of appealability should issue in the event he files an appeal of the judgment in this case. See Rule 11, Federal Rules Governing Section 2254 Cases (the district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant).

Dated: October 24, 2014

_DALE A. DROZD_
UNITED STATES MAGISTRATE JUDGE

DAD:9
herr2982.157